Firm #108        SSK\ema                                                                                          2007S-0120

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| EVELYN LaJEUNESSE, Individually and as Independent Administrator of the Estate of HENRY LaJEUNESSE, deceased, | |
| Plaintiff, | Case No.  08 CV 4436 |
| v. | Judge Ruben Castillo |
| FORD MOTOR COMPANY, a corporation, | Magistrate Judge Nolan |
| Defendants. | Jury Demand Being Made |

## SECOND AMENDED COMPLAINT AT LAW

Plaintiff, EVELYN LaJEUNESSE, Individually and as Independent Administrator of the Estate of HENRY LaJEUNESSE, deceased, through her attorneys CORBOY & DEMETRIO, P.C., complaining of defendant, FORD MOTOR COMPANY, a corporation, (hereinafter referred to as "FORD"), states as follows:

### The Parties

Plaintiff, EVELYN LAJEUNESSEE, is a citizen of the State of Illinois.

Defendant, FORD MOTOR COMPANY, is a Delaware corporation, with its principal place of business in the State of Michigan, and doing business in the Northern District of Illinois.

### Jurisdiction

This civil tort action seeking monetary damages was originally filed in the Circuit Court of Cook County, Illinois, and removed to the Northern District upon petition of Defendant, Ford Motor Company, pursuant to 28 U.S.C. 1332 and 28 U.S.C. 1441. The Northern District has

original jurisdiction pursuant to 28 U.S.C. 1332.

## Venue

Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. 1391(a)(2) whereas a substantial part of the events giving rise to the claim occurred in the Northern District of Illinois.

Venue is further proper in the Northern District of Illinois pursuant to 28 U.S.C. 1391(a)(1) and §1391(c) whereas defendant is deemed to have resided in the Northern District of Illinois at the commencement of this action as they were subject to personal jurisdiction within the Northern District of Illinois.

## Factual Allegations

1. Prior to 2005, defendant, FORD, designed, manufactured and sold a 2004 Ford Focus.

2. At the time defendant, FORD, designed, manufactured and sold the 2004 Ford Focus, defendant, FORD, knew or should have known the vehicle was susceptible to sudden acceleration.

3. On August 10, 2005, plaintiff, EVELYN LaJEUNESSE, was a passenger in the front seat of a 2004 Ford Focus which, without driver intent, suddenly accelerated in a parking lot at the Crestwood Mall in Crestwood, Cook County, Illinois.

4. On August 10, 2005, the 2004 Ford Focus struck a wall as a result of the unexpected, sudden acceleration.

5. On August 10, 2005, after striking the wall head-on, the airbag for the front seat passenger failed to deploy in the 2004 Ford Focus.

## Claim for Relief

## COUNT I

### Strict Liability/Personal Injury/Evelyn LaJeunesse

6.  Plaintiff re-alleges factual allegations 1 through 5.

7.  On August 10, 2005, and when it left the control of defendant, FORD, the 2004 Ford Focus in which plaintiff, EVELYN LaJEUNESSE, was a passenger, was unreasonably dangerous in one or more of the following respects:

    a.  the throttle would stick causing sudden, unintended acceleration;

    b.  the actuator cables for the cruise control would become entrapped causing sudden, unintended acceleration;

    c.  the cruise control system appears to be "off" when it is, in fact, "on";

    d.  the electrical system failed to guard against or caused sudden unintended acceleration;

    e.  the car would unexpectedly, suddenly accelerate without the driver intending it;

    f.  the airbags failed to deploy in a frontal impact;

    g.  the seatbelts failed to properly restrain the front seat passengers in a frontal impact.

8.  As a proximate result of one or more of these unreasonably dangerous conditions, plaintiff, EVELYN LaJEUNESSE, suffered injuries of a personal, pecuniary and permanent nature.

## COUNT II

### Negligence/Personal Injury/Evelyn LaJeunesse

9.  Plaintiff re-alleges factual allegations 1 through 5.

10. On and before August 10, 2005, FORD was negligent in one or more of the following respects:

    a. designed, manufactured, distributed and sold a 2004 Ford Focus with a throttle that would stick causing sudden, unintended acceleration;

    b. designed, manufactured, distributed and sold a 2004 Ford Focus with actuator cables for the cruise control that would become entrapped causing sudden, unintended acceleration;

    c. designed, manufactured, distributed and sold a 2004 Ford Focus with a cruise control system that appeared to be "off" when it was, in fact, "on";

    d. designed, manufactured, distributed and sold a 2004 Ford Focus with a faulty electrical system to protect against sudden acceleration;

    e. designed, manufactured, distributed and sold a 2004 Ford Focus that would unexpectedly, suddenly accelerate without the driver intending it;

    f. designed, manufactured, distributed and sold a 2004 Ford Focus with airbags that failed to deploy in a frontal impact;

    g. designed, manufactured, distributed and sold a 2004 Ford Focus with seatbelts that failed to properly restrain the front seat passenger in a frontal impact.

11. As a proximate result of one or more of these acts or omissions, plaintiff, EVELYN LaJEUNESSE, suffered injuries of a personal, pecuniary and permanent nature.

## COUNT III

### Strict Liability/Survival Action/Estate of Henry LaJeunesse

12. Plaintiff re-alleges factual allegations 1 through 5.

13. On August 10, 2005, and when it left the control of defendant, FORD, the 2004 Ford Focus operated by plaintiff's decedent, HENRY LaJEUNESSE, was unreasonably

dangerous in one or more of the following respects:

    a.     the throttle would stick causing sudden, unintended acceleration;

    b.     the actuator cables for the cruise control would become entrapped causing sudden, unintended acceleration;

    c.     the cruise control system appears to be "off" when it is, in fact, "on";

    d.     the electrical system failed to guard against or caused sudden unintended acceleration;

    e.     the car would unexpectedly, suddenly accelerate without the driver intending it;

    f.     the airbags failed to deploy in a frontal impact;

    g.     the seatbelts failed to properly restrain the front seat passengers in a frontal impact.

14.     HENRY LaJEUNESSE died on April 22, 2007, and his wife, EVELYN LaJEUNESSE, brings this action on behalf of his estate.

15.     Had he survived, HENRY LaJEUNESSE would have been entitled to bring an action on his own behalf and this action survives him pursuant to 755 Illinois Compiled Statutes 5/27-6, commonly known as the Survival Act, and EVELYN LaJEUNESSE, Independent Administrator of the Estate of HENRY LaJEUNESSE, deceased, brings this action pursuant to that statute.

### COUNT IV

**Negligence/Survival Action/Estate of Henry LaJeunesse**

16.     Plaintiff re-alleges factual allegations 1 through 5.

17.     On and before August 10, 2005, FORD was negligent in one or more of the

following respects:

    a.      designed, manufactured, distributed and sold a 2004 Ford Focus with a throttle that would stick causing sudden, unintended acceleration;

    b.      designed, manufactured, distributed and sold a 2004 Ford Focus with actuator cables for the cruise control that would become entrapped causing sudden, unintended acceleration;

    c.      designed, manufactured, distributed and sold a 2004 Ford Focus with a cruise control system that appeared to be "off" when it was, in fact, "on";

    d.      designed, manufactured, distributed and sold a 2004 Ford Focus with a faulty electrical system to protect against sudden acceleration;

    e.      designed, manufactured, distributed and sold a 2004 Ford Focus that would unexpectedly, suddenly accelerate without the driver intending it;

    f.      designed, manufactured, distributed and sold a 2004 Ford Focus with airbags that failed to deploy in a frontal impact;

    g.      designed, manufactured, distributed and sold a 2004 Ford Focus with seatbelts that failed to properly restrain the front seat passenger in a frontal impact.

18.      HENRY LaJEUNESSE died on April 22, 2007, and his wife, EVELYN LaJEUNESSE, brings this action on behalf of his estate.

19.      Had he survived, HENRY LaJEUNESSE would have been entitled to bring an action on his own behalf and this action survives him pursuant to 755 Illinois Compiled Statutes 5/27-6, commonly known as the Survival Act, and EVELYN LaJEUNESSE, Independent Administrator of the Estate of HENRY LaJEUNESSE, deceased, brings this action pursuant to that statute.

## **COUNT V**

**Strict Liability/Wrongful Death/Estate of Henry LaJeunesse**

20. Plaintiff re-alleges factual allegations 1 through 5.

21. On August 10, 2005, and when it left the control of defendant, FORD, the 2004 Ford Focus operated by plaintiff's decedent, HENRY LaJEUNESSE, was unreasonably dangerous in one or more of the following respects:

- a. the throttle would stick causing sudden, unintended acceleration;

- b. the actuator cables for the cruise control would become entrapped causing sudden, unintended acceleration;

- c. the cruise control system appears to be "off" when it is, in fact, "on";

- d. the electrical system failed to guard against or caused sudden unintended acceleration;

- e. the car would unexpectedly, suddenly accelerate without the driver intending it;

- f. the airbags failed to deploy in a frontal impact;

- g. the seatbelts failed to properly restrain the front seat passengers in a frontal impact.

22. HENRY LaJEUNESSE died on April 22, 2007, and his wife, EVELYN LaJEUNESSE, brings this action on behalf of his estate.

23. HENRY LaJEUNESSE left surviving him as his heirs and next of kin: EVELYN LaJEUNESSE, his wife, DONALD LaJEUNESSE, his adult son, and LINDA MELENDEZ, his adult daughter, all of whom sustained pecuniary loss as a result of his death including a loss of love, guidance, affection, companionship and society.

24. Plaintiff, EVELYN LaJEUNESSE, Independent Administrator of the Estate of

HENRY LaJEUNESSE, deceased, brings this cause of action pursuant to 740 Illinois Compiled Statutes 180/1 *et seq.*, commonly known as the Wrongful Death Act.

## COUNT VI

**Negligence/Wrongful Death/Estate of Henry LaJeunesse**

    25.    Plaintiff re-alleges factual allegations 1 through 5.

    26.    On and before August 10, 2005, FORD was negligent in one or more of the following respects:

    a.    designed, manufactured, distributed and sold a 2004 Ford Focus with a throttle that would stick causing sudden, unintended acceleration;

    b.    designed, manufactured, distributed and sold a 2004 Ford Focus with actuator cables for the cruise control that would become entrapped causing sudden, unintended acceleration;

    c.    designed, manufactured, distributed and sold a 2004 Ford Focus with a cruise control system that appeared to be "off" when it was, in fact, "on";

    d.    designed, manufactured, distributed and sold a 2004 Ford Focus with a faulty electrical system to protect against sudden acceleration;

    e.    designed, manufactured, distributed and sold a 2004 Ford Focus that would unexpectedly, suddenly accelerate without the driver intending it;

    f.    designed, manufactured, distributed and sold a 2004 Ford Focus with airbags that failed to deploy in a frontal impact;

    g.    designed, manufactured, distributed and sold a 2004 Ford Focus with seatbelts that failed to properly restrain the front seat passengers in a frontal impact.

    27.    HENRY LaJEUNESSE died on April 22, 2007, and his wife, EVELYN LaJEUNESSE, brings this action on behalf of his estate.

28. HENRY LaJEUNESSE left surviving him as his heirs and next of kin: EVELYN LaJEUNESSE, his wife, DONALD LaJEUNESSE, his adult son, and LINDA MELENDEZ, his adult daughter, all of whom sustained pecuniary loss as a result of his death including a loss of love, guidance, affection, companionship and society.

29. Plaintiff, EVELYN LaJEUNESSE, Independent Administrator of the Estate of HENRY LaJEUNESSE, deceased, brings this cause of action pursuant to 740 Illinois Compiled Statutes 180/1 *et seq.*, commonly known as the Wrongful Death Act.

### Prayer for Relief

WHEREFORE, plaintiff, EVELYN LaJEUNESSE, Individually and as Independent Administrator of the Estate of HENRY LaJEUNESSE, deceased, demands judgment against defendant, FORD MOTOR COMPANY, a corporation, in a sum in excess of $75,000, plus costs, fees, and interest.

s/Shawn S. Kasserman
Shawn S. Kasserman
ARDC No. 6204538


Shawn S. Kasserman, Esq.
Corboy & Demetrio, P.C.
Attorney for Plaintiff(s)
33 North Dearborn Street, 21st Floor
Chicago, Illinois 60602
(312) 346-3191
Firm I.D. No. 108

Firm #108      SSK\nh                                                                                          2007S-0120

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EVELYN LaJEUNESSE, Individually and as Independent Administrator of the Estate of HENRY LaJEUNESSE, deceased, | |
| Plaintiff, | Case No. 08 CV 4436 |
| v. | Judge Ruben Castillo |
| FORD MOTOR COMPANY, a corporation, | Magistrate Judge Nolan |
| Defendants. | |

**NOTICE OF FILING**

**TO:** John A. Krivich, Esq.
Michael J. Borree, Esq.
Donohue Brown Mathewson & Smith, Ltd.
140 South Dearborn Street, Suite 800
Chicago, Illinois 60603

**PLEASE TAKE NOTICE** that on the 26th day of August, 2008. a Notice of Filing of the Second Amended Complaint at Law was filed with the United States District Court, Northern District of Illinois, Eastern Division.

s/Shawn S. Kasserman
Shawn S. Kasserman
**CORBOY & DEMETRIO, P.C.**
**Attorneys for Plaintiff**
33 North Dearborn Street, Suite 2100
Chicago, Illinois 60602
(312) 346-3191
ssk@corboydemetrio.com
ARDC # 6204538