070568.235

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

EVELYN LaJEUNESSE, Individually and as
Independent Administrator of the Estate of
HENRY LaJEUNESSE, deceased,

Plaintiffs,

v.

FORD MOTOR COMPANY, a corporation,

Defendant/Counter-Plaintiff,

v.

EVELYN LaJEUNESSE, as Independent
Administrator of the Estate of HENRY
LaJEUNESSE, deceased,

Counter-Defendant.

No.  08 cv 04436
Judge Ruben  Castillo

## DEFENDANT'S ANSWERS, AFFIRMATIVE DEFENSES AND COUNTERCLAIM FOR CONTRIBUTION TO PLAINTIFF'S SECOND AMENDED COMPLAINT AT LAW

Defendant, FORD MOTOR COMPANY "Ford"), by its attorneys, answers Plaintiff's Second

Amended Complaint at Law as follows:

### The Parties

Plaintiff, EVELYN LAJEUNESSEE, is a citizen of the State of Illinois.

**ANSWER:**    Defendant admits this allegation contained in "The Parties" section of Plaintiff's
Second Amended Complaint at Law.

Defendant, FORD MOTOR COMPANY, is a Delaware corporation, with its principal place

of business in the State of Michigan, and doing business in the Northern District of Illinois.

**ANSWER:**    Defendant admits this allegation contained in "The Parties" section of Plaintiff's
Second Amended Complaint at Law.

## Jurisdiction

This civil tort action seeking monetary damages was originally filed in the Circuit Court of Cook County, Illinois, and removed to the Northern District upon petition of Defendant, Ford Motor Company, pursuant to 28 U.S.C. 1332 and 28 U.S.C. 1441. The Northern District has original jurisdiction pursuant to 28 U.S.C. 1332.

**ANSWER:**    Defendant admits this allegation contained in the "Jurisdiction" section of Plaintiff's Second Amended Complaint at Law.

## Venue

Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. 1391(a)(2) whereas a substantial part of the events giving rise to the claim occurred in the Northern District of Illinois.

**ANSWER:**    Defendant admits this allegation contained in the "Venue" section of Plaintiff's Second Amended Complaint at Law.

Venue is further proper in the Northern District of Illinois pursuant to 28 U.S.C. 1391(a)(1) and §1391(c) whereas defendant is deemed to have resided in the Northern District of Illinois at the commencement of this action as they were subject to personal jurisdiction within the Northern District of Illinois.

**ANSWER:**    Defendant admits venue is proper pursuant to 28 U.S.C. 1391(a)(1) and 28 U.S.C. 1391(c).

## Factual Allegations

1.    Prior to 2005, defendant, FORD, designed, manufactured and sold a 2004 Ford Focus.

**ANSWER:**    Defendants admit that Ford designed in part, manufactured in part, and sold a

2004 Ford Focus model, but denies the remaining allegations contained in paragraph 1, "Factual Allegations" of plaintiff's Second Amended Complaint at Law.

2.    At the time defendant, FORD, designed, manufactured and sold the 2004 Ford Focus, defendant, FORD, knew or should have known the vehicle was susceptible to sudden acceleration.

**ANSWER:**    Defendants deny each and every allegation contained in paragraph 2, "Factual Allegations" of plaintiff's Second Amended Complaint at Law.

3.    On August 10, 2005, plaintiff, EVELYN LaJEUNESSE, was a passenger in the front seat of a 2004 Ford Focus which, without driver intent, suddenly accelerated in a parking lot at the Crestwood Mall in Crestwood, Cook County, Illinois.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to where Evelyn LaJeunesse was seated.  Further answering, defendants deny each and every remaining allegation contained in paragraph 3, "Factual Allegations" of plaintiff's Second Amended Complaint at Law.

4.    On August 10, 2005, the 2004 Ford Focus struck a wall as a result of the unexpected, sudden acceleration.

**ANSWER:**    Defendants deny each and every allegation contained in paragraph 4, "Factual Allegations" of plaintiff's Second Amended Complaint at Law.

5.    On August 10, 2005, after striking the wall head-on, the airbag for the front seat passenger failed to deploy in the 2004 Ford Focus.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of "Factual Allegations" of the plaintiff's Second Amended Complaint at Law, and therefore said allegations are denied.

## Claim for Relief

## COUNT I

**Strict Liability/Personal Injury/Evelyn LaJeunesse**

6.     Plantiff re-alleges factual allegations 1 through 5.

**ANSWER**:     Ford re-states and incorporates its answers to factual allegations 1 through 5 as its answers to paragraphs 1 through 5 of paragraph 6, Count I of Plaintiff's Second Amended Complaint at Law.

7.     On August 10, 2005, and when it left the control of defendant, FORD, the 2004 Ford Focus in which plaintiff, EVELYN LaJEUNESSE, was a passenger, was unreasonably dangerous in one or more of the following respects:

  a.     the throttle would stick causing sudden, unintended acceleration;

  b.     the actuator cables for the cruise control would become entrapped causing sudden, unintended acceleration;

  c.     the cruise control system appears to be "off" when it is, in fact, "on";

  d.     the electrical system failed to guard against or caused sudden unintended acceleration;

  e.     the car would unexpectedly, suddenly accelerate without the driver intending it;

  f.     the airbags failed to deploy in a frontal impact;

  g.     the seatbelts failed to properly restrain the front seat passengers in a frontal impact.

**ANSWER:**     Ford denies each and every allegation contained in paragraph 7, Count I of Paintiff's Second Amended Complaint at Law, including sub-paragraphs a through g.

8.     As a proximate result of one or more of these unreasonably dangerous conditions, plaintiff, EVELYN LaJEUNESSE, suffered injuries of a personal, pecuniary and permanent nature.

**ANSWER:**     Ford denies each and every allegation contained in paragraph 8, Count I of

- 4 -

plaintiff's Second Amended Complaint at Law.

**WHEREFORE**, Defendant Ford Motor Company denies that the plaintiff is entitled to judgment in any sum whatsoever, and prays for judgment in its favor, with costs assessed against the plaintiff.

## COUNT II

**Negligence/Personal Injury/Evelyn LaJeunesse**

9.      Plaintiff re-alleges factual allegations 1 through 5.

**ANSWER**:     Ford re-states and incorporates its answers to factual allegations 1 through 5 as its answers to paragraphs 1 through 5 of paragraph 9, Count II of Plaintiff's Second Amended Complaint at Law.

10.     On and before August 10, 2005, FORD was negligent in one or more of the following respects:

  a.      designed, manufactured, distributed and sold a 2004 Ford Focus with a throttle that would stick causing sudden, unintended acceleration;

  b.      designed, manufactured, distributed and sold a 2004 Ford Focus with actuator cables for the cruise control that would become entrapped causing sudden, unintended acceleration;

  c.      designed, manufactured, distributed and sold a 2004 Ford Focus with a cruise control system that appeared to be "off" when it was, in fact, "on";

  d.      designed, manufactured, distributed and sold a 2004 Ford Focus with a faulty electrical system to protect against sudden acceleration;

  e.      designed, manufactured, distributed and sold a 2004 Ford Focus that would unexpectedly, suddenly accelerate without the driver intending it;

  f.      designed, manufactured, distributed and sold a 2004 Ford Focus with airbags that failed to deploy in a frontal impact;

g.    designed, manufactured, distributed and sold a 2004 Ford Focus with seatbelts that failed to properly restrain the front seat passenger in a frontal impact.

**ANSWER:**    Defendants deny each and every allegation contained in paragraph 10, Count II of Plaintiff's Second Amended Complaint at Law, including sub-paragraphs a through g.

11.    As a proximate result of one or more of these acts or omissions, plaintiff, EVELYN LaJEUNESSE, suffered injuries of a personal, pecuniary and permanent nature.

**ANSWER:**    Ford denies each and every allegation contained in paragraph 11, Count II of Plaintiff's Second Amended Complaint at Law.

**WHEREFORE**, Defendant Ford Motor Company denies that the plaintiff is entitled to judgment in any sum whatsoever, and prays for judgment in its favor, with costs assessed against the plaintiff.

## COUNT III

### Strict Liability/Survival Action/Estate of Henry LaJeunesse

12.    Plantiff re-alleges factual allegations 1 through 5.

**ANSWER**:    Ford re-states and incorporates its answers to factual allegations 1 through 5 as its answers to paragraphs 1 through 5 of paragraph 12, Count III of Plaintiff's Second Amended Complaint at Law.

13.    On August 10, 2005, and when it left the control of defendant, FORD, the 2004 Ford Focus operated by plaintiff's decedent, HENRY LaJEUNESSE, was unreasonably dangerous in one or more of the following respects:

a.    the throttle would stick causing sudden, unintended acceleration;

b.    the actuator cables for the cruise control would become entrapped causing

- 6 -

sudden, unintended acceleration;

c.     the cruise control system appears to be "off" when it is, in fact, "on";

d.     the electrical system failed to guard against or caused sudden unintended acceleration;

e.     the car would unexpectedly, suddenly accelerate without the driver intending it;

f.     the airbags failed to deploy in a frontal impact;

g.     the seatbelts failed to properly restrain the front seat passengers in a frontal impact.

**ANSWER:**     Ford denies the allegations contained in paragraph 13, Count III of Plaintiff's Second Amended Complaint at Law, including subparagraphs (a) through (g).

14.     HENRY LaJEUNESSE died on April 22, 2007, and his wife, EVELYN LaJEUNESSE, brings this action on behalf of his estate.

**ANSWER:**     Ford is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of Count III of the Plaintiff's Second Amended Complaint at Law, and therefore said allegations are denied.

15.     Had he survived, HENRY LaJEUNESSE would have been entitled to bring an action on his own behalf and this action survives him pursuant to 755 Illinois Compiled Statutes 5/27-6, commonly known as the Survival Act, and EVELYN LaJEUNESSE, Independent Administrator of the Estate of HENRY LaJEUNESSE, deceased, brings this action pursuant to that statute.

**ANSWER:**     Ford is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of Count III of the Plaintiff's Second Amended Complaint at Law, and therefore said allegations are denied.

**WHEREFORE**, Defendant denies that the plaintiff is entitled to judgment in any sum whatsoever, and prays for judgment in its favor, with costs assessed against the plaintiff.

- 7 -

## COUNT IV

**Negligence/Survival Action/Estate of Henry LaJeunesse**

16.    Plantiff re-alleges factual allegations 1 through 5.

**ANSWER**:    Ford re-states and incorporates its answers to factual allegations 1 through 5 as its answers to paragraphs 1 through 5 of paragraph 16, Count IV of Plaintiff's Second Amended Complaint at Law.

17.    On and before August 10, 2005, FORD was negligent in one or more of the following respects:

    a.    designed, manufactured, distributed and sold a 2004 Ford Focus with a throttle that would stick causing sudden, unintended acceleration;

    b.    designed, manufactured, distributed and sold a 2004 Ford Focus with actuator cables for the cruise control that would become entrapped causing sudden, unintended acceleration;

    c.    designed, manufactured, distributed and sold a 2004 Ford Focus with a cruise control system that appeared to be "off" when it was, in fact, "on";

    d.    designed, manufactured, distributed and sold a 2004 Ford Focus with a faulty electrical system to protect against sudden acceleration;

    e.    designed, manufactured, distributed and sold a 2004 Ford Focus that would unexpectedly, suddenly accelerate without the driver intending it;

    f.    designed, manufactured, distributed and sold a 2004 Ford Focus with airbags that failed to deploy in a frontal impact;

    g.    designed, manufactured, distributed and sold a 2004 Ford Focus with seatbelts that failed to properly restrain the front seat passenger in a frontal impact.

**ANSWER:**    Ford denies the allegation contained in paragraph 17, Count IV of Plaintiff's Second Amended Complaint at Law including subparagraphs (a) through (g).

18.    HENRY LaJEUNESSE died on April 22, 2007, and his wife, EVELYN LaJEUNESSE, brings this action on behalf of his estate.

**ANSWER:**    Ford is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of Count IV of the Plaintiff's Second Amended Complaint at Law, and therefore said allegations are denied.

19.    Had he survived, HENRY LaJEUNESSE would have been entitled to bring an action on his own behalf and this action survives him pursuant to 755 Illinois Compiled Statutes 5/27-6, commonly known as the Survival Act, and EVELYN LaJEUNESSE, Independent Administrator of the Estate of HENRY LaJEUNESSE, deceased, brings this action pursuant to that statute.

**ANSWER:**    Ford is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of Count IV of the Plaintiff's Second Amended Complaint at Law, and therefore said allegations are denied.

**WHEREFORE**, Defendant Ford Motor Company denies that the plaintiff is entitled to judgment in any sum whatsoever, and prays for judgment in its favor, with costs assessed against the plaintiff.

## COUNT V

### Strict Liability/Wrongful Death/Estate of Henry LaJeunesse

20.    Plantiff re-alleges factual allegations 1 through 5.

**ANSWER**:    Ford re-states and incorporates its answers to factual allegations 1 through 5 as its answers to paragraphs 1 through 5 of paragraph 20, Count V of Plaintiff's Second Amended Complaint at Law.

21.    On August 10, 2005, and when it left the control of defendant, FORD, the 2004 Ford Focus operated by plaintiff's decedent, HENRY LaJEUNESSE, was unreasonably dangerous in one or more of the following respects:

       a.    the throttle would stick causing sudden, unintended acceleration;

       b.    the actuator cables for the cruise control would become entrapped causing sudden, unintended acceleration;

       c.    the cruise control system appears to be "off" when it is, in fact, "on";

       d.    the electrical system failed to guard against or caused sudden unintended acceleration;

       e.    the car would unexpectedly, suddenly accelerate without the driver intending it;

       f.    the airbags failed to deploy in a frontal impact;

       g.    the seatbelts failed to properly restrain the front seat passengers in a frontal impact.

**ANSWER:**    Ford denies the allegations contained in paragraph 21, Count V of Plaintiff's Second Amended Complaint at Law, including subparagraphs (a) through (g).

22.    HENRY LaJEUNESSE died on April 22, 2007, and his wife, EVELYN LaJEUNESSE, brings this action on behalf of his estate.

**ANSWER:**    Ford is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of Count V of the Plaintiff's Second Amended Complaint at Law, and therefore said allegations are denied.

23.    HENRY LaJEUNESSE left surviving him as his heirs and next of kin: EVELYN LaJEUNESSE, his wife, DONALD LaJEUNESSE, his adult son, and LINDA MELENDEZ, his adult daughter, all of whom sustained pecuniary loss as a result of his death including a loss of love, guidance, affection, companionship and society.

**ANSWER:**     Ford is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of Count V of the Plaintiff's Second Amended Complaint at Law, and therefore said allegations are denied.

24.    Plaintiff, EVELYN LaJEUNESSE, Independent Administrator of the Estate of HENRY LaJEUNESSE, deceased, brings this cause of action pursuant to 740 Illinois Compiled Statutes 180/1 et seq., commonly known as the Wrongful Death Act.

**ANSWER:**     Ford is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of Count V of the Plaintiff's Second Amended Complaint at Law, and therefore said allegations are denied.

**WHEREFORE**, Defendant Ford Motor Company denies that the plaintiff is entitled to judgment in any sum whatsoever, and prays for judgment in its favor, with costs assessed against the plaintiff.

## COUNT VI

### Negligence/Wrongful Death/Estate of Henry LaJeunesse

25.    Plantiff re-alleges factual allegations 1 through 5.

**ANSWER**:    Ford re-states and incorporates its answers to factual allegations 1 through 5 as its answers to paragraphs 1 through 5 of paragraph 25, Count VI of Plaintiff's Second Amended Complaint at Law.

26.    On and before August 10, 2005, FORD was negligent in one or more of the following respects:

        a.    designed, manufactured, distributed and sold a 2004 Ford Focus with a throttle that would stick causing sudden, unintended acceleration;

        b.    designed, manufactured, distributed and sold a 2004 Ford Focus with actuator cables for the cruise control that would become entrapped causing sudden, unintended acceleration;

- 11 -

    c.      designed, manufactured, distributed and sold a 2004 Ford Focus with a cruise control system that appeared to be "off" when it was, in fact, "on";

    d.      designed, manufactured, distributed and sold a 2004 Ford Focus with a faulty electrical system to protect against sudden acceleration;

    e.      designed, manufactured, distributed and sold a 2004 Ford Focus that would unexpectedly, suddenly accelerate without the driver intending it;

    f.      designed, manufactured, distributed and sold a 2004 Ford Focus with airbags that failed to deploy in a frontal impact;

    g.      designed, manufactured, distributed and sold a 2004 Ford Focus with seatbelts that failed to properly restrain the front seat passengers in a frontal impact.

**ANSWER:**    Ford denies the allegations contained in paragraph 26, Count VI of Plaintiff's Second Amended Complaint at Law, including subparagraphs (a) through (g).

27.    HENRY LaJEUNESSE died on April 22, 2007, and his wife, EVELYN LaJEUNESSE, brings this action on behalf of his estate.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of Count VI of the Plaintiff's Second Amended Complaint at Law, and therefore said allegations are denied.

28.    HENRY LaJEUNESSE left surviving him as his heirs and next of kin: EVELYN LaJEUNESSE, his wife, DONALD LaJEUNESSE, his adult son, and LINDA MELENDEZ, his adult daughter, all of whom sustained pecuniary loss as a result of his death including a loss of love, guidance, affection, companionship and society.

**ANSWER:**    Ford is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of Count VI of the Plaintiff's Second Amended Complaint at Law, and therefore said allegations are denied.

29.    Plaintiff, EVELYN LaJEUNESSE, Independent Administrator of the Estate of HENRY LaJEUNESSE, deceased, brings this cause of action pursuant to 740 Illinois Compiled Statutes 180/1 et seq., commonly known as the Wrongful Death Act.

**ANSWER**:    Ford is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of Count VI of the Plaintiff's Second Amended Complaint at Law, and therefore said allegations are denied.

**WHEREFORE**, Defendant Ford Motor Company denies that the plaintiff is entitled to judgment in any sum whatsoever, and prays for judgment in its favor, with costs assessed against the plaintiff.

## AFFIRMATIVE DEFENSES TO COUNTS I - II

## FIRST AFFIRMATIVE DEFENSE

1.    On information and belief, plaintiff EVELYN LaJEUNESSE failed to exercise due care for her own safety due to one or more of the following negligent acts and/or omissions that resulted in the alleged damages:

      a.    failed to properly use, utilize and apply the available occupant restraint;

      b.    committed other negligent acts and/or omissions as may be disclosed during the course of discovery.

2.    Plaintiff's damages, if any, were caused by the direct and proximate result of the fault/negligence of plaintiff and constituted more than fifty percent of such cause and plaintiff's claims are therefore barred or must be comparatively reduced.

**WHEREFORE**, Defendant prays for judgment in its favor and against the plaintiff plus costs and any other further relief this court deems appropriate under the circumstances.

## SECOND AFFIRMATIVE DEFENSE

1.      On information and belief, plaintiff EVELYN LaJEUNESSE knowingly failed to exercise due care for her own safety and engaged in one or more of the following culpable acts and/or omissions with knowledge that an accident such as the one described in plaintiffs' complaint could occur:

        a.      failed to properly use, utilize and apply the available occupant restraint;

        b.      committed other negligent acts and/or omissions as may be disclosed during the course of discovery.

2.      Such knowing acts and/or omissions constitute assumption of the risk and was a proximate cause of plaintiffs' alleged injuries and damages and constitute more than fifty percent of such cause and plaintiffs' claims are therefore barred or must be comparatively reduced.

**WHEREFORE**, Defendant prays for judgment in its favor and against the plaintiff plus costs and any other further relief this court deems appropriate under the circumstances.

## THIRD AFFIRMATIVE DEFENSE

1.      On information and belief, plaintiff EVELYN LaJEUNESSE knowingly failed to exercise due care for her own safety and engaged in one or more of the following culpable acts and/or omissions with the knowledge that an accident such as the one described in plaintiffs' complaint could occur:

        a.      failed to properly use, utilize and apply the available occupant restraint;

        b.      committed other negligent acts and/or omissions as may be disclosed during the course of discovery.

2.      Such knowing acts and/or omissions constitute misuse of the product at issue and was the proximate cause of the plaintiff's alleged injuries and damages and constitute more than

- 14 -

fifty percent of such cause and plaintiff's claims are therefore barred or must be comparatively reduced.

**WHEREFORE**, Defendant prays for judgment in its favor and against the plaintiffs plus costs and any other further relief this court deems appropriate under the circumstances.

## <u>AFFIRMATIVE DEFENSES TO COUNTS III - VI</u>

## <u>FOURTH AFFIRMATIVE DEFENSE</u>

1.      On information and belief, plaintiff HENRY LaJEUNESSE failed to exercise due care for his own safety due to one or more of the following negligent acts and/or omissions that resulted in the alleged damages:

      a.      failed to properly use, utilize and apply the available occupant restraint;

      b.      failed to keep his vehicle in a proper lane of traffic;

      c.      applied the accelerator pedal instead of the brake pedal and caused the accident;

      d.      failed to brake to avoid a collision;

      e.      failed to reduce his speed to avoid a collision.

2.      Plaintiff's damages, if any, were caused by the direct and proximate result of the fault/negligence of plaintiff and constituted more than fifty percent of such cause and plaintiff's claims are therefore barred or must be comparatively reduced.

**WHEREFORE**, Defendant prays for judgment in its favor and against the plaintiff plus costs and any other further relief this court deems appropriate under the circumstances.

## FIFTH AFFIRMATIVE DEFENSE

1.       On information and belief, plaintiff HENRY LaJEUNESSE knowingly failed to exercise due care for his own safety and engaged in one or more of the following culpable acts and/or omissions with knowledge that an accident such as the one described in plaintiffs' complaint could occur:

            a.       failed to properly use, utilize and apply the available occupant restraint;

            b.       failed to keep his vehicle in a proper lane of traffic;

            c.       applied the accelerator pedal instead of the brake pedal and caused the accident;

            d.       failed to brake to avoid a collision;

            e.       failed to reduce his speed to avoid a collision.

2.       Such knowing acts and/or omissions constitute assumption of the risk and was a proximate cause of plaintiffs' alleged injuries and damages and constitute more than fifty percent of such cause and plaintiffs' claims are therefore barred or must be comparatively reduced.

**WHEREFORE**, Defendant prays for judgment in its favor and against the plaintiff plus costs and any other further relief this court deems appropriate under the circumstances.

## SIXTH AFFIRMATIVE DEFENSE

1.       On information and belief, plaintiff HENRY LaJEUNESSE knowingly failed to exercise due care for his own safety and engaged in one or more of the following culpable acts and/or omissions with the knowledge that an accident such as the one described in plaintiffs' complaint could occur:

            a.       failed to properly use, utilize and apply the available occupant restraint;

- 16 -

  b.  failed to keep his vehicle in a proper lane of traffic;

  c.  applied the accelerator pedal instead of the brake pedal and caused the accident;

  d.  failed to brake to avoid a collision;

  e.  failed to reduce his speed to avoid a collision.

  2.  Such knowing acts and/or omissions constitute misuse of the product at issue and was the proximate cause of the plaintiff's alleged injuries and damages and constitute more than fifty percent of such cause and plaintiff's claims are therefore barred or must be comparatively reduced.

  **WHEREFORE**, Defendant prays for judgment in its favor and against the plaintiffs plus costs and any other further relief this court deems appropriate under the circumstances.

**SEVENTH AFFIRMATIVE DEFENSE (TO ALL COUNTS)**

  The fault, if any, attributable to defendant Ford Motor Company is less than twenty-five percent of the total fault attributable to each respective plaintiff, each defendant sued by plaintiff, Ford Motor Company and any counter-defendant sued by Ford Motor Company, if any. Pursuant to §2-1117 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-1117, Ford Motor Company is severably liable for all damages claimed by plaintiffs, other than their past and future medical and medically related expenses.

**COUNTERCLAIM FOR CONTRIBUTION  - ESTATE OF HENRY LAJEUNESSE**

  NOW COMES defendant/counter-plaintiff, FORD MOTOR COMPANY (hereinafter "Ford"), by and through its attorneys in this regard, John A. Krivicich, Michael J. Borree and DONOHUE BROWN MATHEWSON & SMYTH LLC, for their counterclaim for contribution

- 17 -

against counter-defendant EVELYN LaJEUNESSE, as Independent Administrator of the Estate of HENRY LaJEUNESSE states as follows:

1.      Plaintiff, EVELYN LaJEUNESSE, Individually, filed a complaint against defendant alleging strict liability and negligence with respect to a vehicle accident that allegedly occurred on August 10, 2005 involving a certain 2004 Ford Focus in which HENRY LaJEUNESSE was the driver. Defendant has denied all material allegations of the Plaintiff EVELYN LaJEUNESSE'S complaint.

2.      On August 10, 2005, HENRY LaJEUNESSE, had a duty of care as the operator of the automobile for his own safety and for the safety of persons in his vehicle, including plaintiff, EVELYN LaJEUNESSE, Individually. In derogation of that duty, HENRY LaJEUNESSE was negligent in the operation of said vehicle in one or more of the following respects:

    (a)      Failed to keep his vehicle in a proper lane of traffic and otherwise control his vehicle;

    (b)      Applied the accelerator pedal instead of the brake pedal and caused the accident;

    (c)      Failed to brake and steer to avoid a collision;

    (d)      Failed to reduce his speed to avoid a collision;

    (e)      Was otherwise careless and negligent.

3.      As a direct and proximate result of the negligence of HENRY LaJEUNESSE, the vehicle he was driving collided with the garage located at 4924 East Circle Drive, Crestwood, Illinois, causing injury to the plaintiff EVELYN LaJEUNESSE's person and the Plaintiff has allegedly sustained economic and non-economic damages of a personal and pecuniary nature, including but not limited to medical expenses and hospital expenses and will continue to incur

medical expenses in the future.

4.    In the event that defendant is found liable to the plaintiff, EVELYN LaJEUNESSE, which liability is specifically denied, then it will only be as a direct and proximate result of one or more of the aforesaid negligent and/or careless acts committed by HENRY LaJEUNESSE.

5.    Pursuant to 740 ILCS 100/0.01, on August 10, 2005, and at all other relevant times, there existed a right of contribution among joint tortfeasors in the State of Illinois.  In the event that defendant is found liable to the plaintiff, EVELYN LaJEUNESSE, Individually, and required to pay more than their pro rata share of liability, which liability is expressly denied, then defendant is entitled to recovery from The Estate of HENRY LaJEUNESSE by way of contribution in such an amount as is commensurate with the relative degree of culpability or fault attributable to HENRY LaJEUNESSE.

6.    Defendant asserts this counterclaim for contribution in the alternative, and specifically denies all allegations of wrongdoing contained in Plaintiff, EVELYN LaJEUNESSE'S complaint, and by asserting this counterclaim for contribution, in no way admit any liability for plaintiff's damages or the truth of any averments as to plaintiff, EVELYN LaJEUNESSE, Individually.

**WHEREFORE**, Defendant/Counter-Plaintiff FORD MOTOR COMPANY prays that if judgment is entered in favor of the plaintiff and against Ford Motor Company under the complaint in this matter brought by EVELYN LaJEUNESSE, Individually, that judgment then be entered against counter-defendant, EVELYN LaJEUNESSE, as Independent Administrator of the Estate of HENRY LaJEUNESSE, in an amount equal to the relative share of the fault attributable to his acts and/or omissions.

**DEFENDANT/COUNTER-PLAINTIFF DEMANDS TRIAL BY JURY**.

FORD MOTOR COMPANY

s/John A. Krivicich
John A. Krivicich (ARDC #3127319)
Michael J. Borree (ARDC #6281054)
DONOHUE BROWN MATHEWSON & SMYTH LLC
140 South Dearborn, Suite 800
Chicago, IL 60603
Telephone:    (312) 422-0900

070568.235

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

EVELYN LaJEUNESSE, Individually and as Independent Administrator of the Estate of HENRY LaJEUNESSE, deceased,

Plaintiffs,

v.

FORD MOTOR COMPANY, a corporation, Defendant /Counter-Plaintiff,

v.

EVELYN LaJEUNESSE, as Independent Administrator of the Estate of HENRY LaJEUNESSE, deceased,

Counter-Defendant.

No.   08 cv 4436

Judge Ruben Castillo

Magistrate Judge Nolen

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2008, I filed Defendant Ford Motor Company's Answers, Affirmative Defenses and Counterclaim for Contribution to Plaintiff's Second Amended Complaint at Law with the Clerk of Court using the CM/ECF system which will send notification of filing to the following:

Mr. Shawn Kasserman, Corboy & Demetrio, P.C., 33 North Dearborn Street, Suite 2100, Chicago, IL 60602

Mr. Steve Mahoney, Law Offices of Thaddeus J. Gustafson, Two North LaSalle Street, Suite 2510, Chicago, IL 60602

DONOHUE BROWN MATHEWSON & SMYTH LLC

s/John A. Krivicich
John A. Krivicich (ARDC #3127319)
Michael J. Borree (ARDC #6281054)
DONOHUE BROWN MATHEWSON & SMYTH LLC
140 South Dearborn, Suite 800
Chicago, IL 60603
Telephone:    (312) 422-0900

- 21 -